IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK BURKE,

      Plaintiff,

vs.

JOSE CALDWELL,

      Defendant.

No. C 11-02639 YGR (PR)

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DIRECTING PLAINTIFF TO FILE CURRENT ADDRESS AND NOTICE OF CONTINUED INTENT TO PROSECUTE**

      Plaintiff Patrick Burke, a former state prisoner, filed the above-titled *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendant has filed a motion for summary judgment. Plaintiff has not filed an opposition to Defendant's motion for summary judgment.[1]

      In its September 1, 2009 Order of Service, the Court, in accordance with the holding of *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), explained to Plaintiff what he must do in order to oppose a motion for summary judgment. A recent decision from the Ninth Circuit, however, requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Accordingly in an Order dated July 20, 2012, the Court provided the *Rand* summary judgment notice to Plaintiff for his information in connection with Defendant's pending motion for summary judgment. (July 20, 2012 Order at 1-2.)

      In order to allow Plaintiff time to prepare his opposition to the pending motion for summary judgment taking into account this *Rand* summary judgment notice, the Court set a new briefing schedule on Defendant's motion for summary judgment. Plaintiff was directed to file and serve his opposition to Defendant and the Court no later than August 10, 2012. Defendant was directed to file

---

[1] Plaintiff's opposition to the motion for summary judgment was due no later than February 26, 2012, thirty days after Defendant filed his motion. In an Order dated February 28, 2012, the Court granted Plaintiff's request for a 120-day extension of time to file an opposition. The extension granted by the Court expired on June 22, 2012. To date, Plaintiff has not filed his opposition.

and serve his reply no later than August 24, 2012. The Court added that "**No further extensions of time will be granted in this case absent extraordinary circumstances.**" (*Id.* at 2 (emphasis in original.) The Clerk of the Court mailed Plaintiff a copy of the July 20, 2012 Order to his last-known address.

On August 14, 2012, the Court's July 20, 2012 Order that was mailed to Plaintiff was returned as undeliverable with the following notation: "RETURN TO SENDER, ATTEMPTED -- NOT KNOWN, UNABLE TO FORWARD." (Docket No. 35.) In addition, it has been almost four months since Plaintiff has communicated with the Court. Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish Plaintiff's current address and whether he intends to continue to prosecute this action.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) mail directed to the attorney or the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the attorney or *pro se* party indicating a current address. *See* L.R. 3-11(b).

In light of the foregoing, Plaintiff shall file with the Court a notice of his current address and his continued intent to prosecute no later than **twenty-eight (28) days** from the date of this Order. **Failure to timely do so shall result in dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(b).**

In addition, because the Court has directed Plaintiff to file a notice of his continued intent to prosecute and because he has not had the opportunity to file an opposition, Defendant's motion for

2

summary judgment (Docket No. 19) is DENIED without prejudice to renewing it at a later date if Plaintiff files the aforementioned notice by the deadline above.

The Clerk is directed to send this Order to Plaintiff at his last-known address. If this Order is also returned as undeliverable, the Court will dismiss this action pursuant to Northern District Local Rule 3-11 after October 15, 2012 -- sixty days from August 14, 2012, the date the Court's July 20, 2012 Order was returned as undeliverable. *See* L.R. 3-11(b).

This Order terminates Docket No. 19.

IT IS SO ORDERED.

DATED: September 14, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**